FILED

2019 Feb-01  AM 10:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMANTHA FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STRYKER CORPORATION, Fictitious | ) | CIVIL ACTION NUMBER: |
| Party Nos. 1-5, other responsible Stryker | ) | |
| entities; Fictitious Party Nos. 6-30, the | ) | |
| designer, manufacturer, creator of warnings | ) | |
| and/or seller of the nail made the basis of this | ) | |
| complaint; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Stryker Corporation ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. As set out below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332(a). In support of this removal, Defendant states as follows:

### INTRODUCTION

1. Plaintiff Samantha Farris ("Plaintiff") initiated this action on December 27, 2018, by filing a Complaint against Defendant and fictitious defendants 1 through 30 in the Circuit Court of Jefferson County, Alabama. *See* Complaint, attached as part of Exhibit A. The state court action is Case No. 01-cv-2018-905151. The Circuit Court of Jefferson County, Alabama, is a state court within this judicial district and division. Copies of all pleadings, processes, and orders in the state court action are attached as Exhibit A.

2.     This action arises from a nail allegedly designed, manufactured, and sold by Defendant that is purported to have broken inside of Plaintiff's body.[1]  Specifically, Plaintiff alleges that after she was injured in a car accident, a nail designed, manufactured, and sold by Defendant was inserted into her leg.  Ex. A, Compl. at ¶¶ 7-9.  She alleges that on or about April 23, 2016, the nail broke, which required her to undergo two revision surgeries.  *Id.* at ¶¶ 9-11. Plaintiff contends that, as a result, she suffered physical pain and emotional distress "in the form of stress, frustration, anxiety and grief."  *Id.* at ¶ 11.  Plaintiff also makes a claim for punitive damages.  *Id.* at Count II.

**GROUNDS FOR REMOVAL**

3.     This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**I.     There is Complete Diversity of Citizenship Between the Parties.**

4.     This action involves "citizens of different States."  28 U.S.C. § 1332(a)(1).

5.     Plaintiff is, or was at the time the Complaint was filed, a resident and citizen of Alabama.  *See* Ex. A, Compl. at ¶ 1.

6.     Plaintiff correctly pleads that Defendant is a "foreign corporation."  *See* Ex. A, Compl. at ¶ 2.  At all material times hereto, Defendant Stryker Corporation was and is a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan. Accordingly, Defendant is a citizen of Michigan.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation

---

[1] Plaintiff's allegations are generally accepted as true for purposes of this removal only.  In actuality, Stryker Corporation is not the manufacturer or provider of the nail at issue and is due to be dismissed.

shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

7.     Defendants 1 through 30 have been sued under fictitious names.  "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

8.     Accordingly, this action involves "citizens of different States."   28 U.S.C. § 1332(a)(1).  Plaintiff is an Alabama citizen.  Because Defendant is a citizen of Michigan, and not of Alabama, removal of this action is proper under 28 U.S.C. § 1441.

## II.     The Amount-In-Controversy Requirement Is Satisfied.

9.     The amount-in-controversy requirement for diversity is satisfied in this case because it is clear that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

10.     In determining whether the claims in a complaint meet the jurisdictional amount, the district court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.  Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint…establishes the jurisdictional amount."  *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061-62 (11th Cir. 2010) (internal quotations omitted).  Moreover, "the district court is not bound by the plaintiff's representations regarding [her] claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought."  *Id.* at 1061 (internal citations omitted).  Indeed, "preventing a district judge from

acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064.[2]

11.     Accordingly, where, as here, "a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the …jurisdictional requirement." *Id.* at 1061 (internal quotation omitted).  The Eleventh Circuit has expressly endorsed and adopted Fifth Circuit case law on this issue, *see id.* at 1062, recognizing that, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061.

12.     Here, satisfaction of the amount in controversy is facially apparent from the allegations in Plaintiff's Complaint.  Plaintiff alleges that a purportedly defective nail was implanted into her body and subsequently broke.  Ex. A, Compl. at ¶¶ 8-10.  As a result, Plaintiff contends she had to undergo "*two revision surgeries*."  *Id.* at ¶ 11.  The "*broken nail*" is alleged to have caused Plaintiff "*great physical pain,*" as well as "*emotional distress in the form of stress, frustration, anxiety and grief*…"  *Id.*  As a result, Plaintiff is seeking unlimited compensatory damages, including for medical expenses, "*to fully and fairly compensate her for her losses*."  *Id.* at Counts I-IV.  These allegations make clear that satisfaction of the jurisdictional amount is, as a matter of law, facially apparent here.

13.     In addition, Plaintiff seeks unlimited punitive damages "*in an amount sufficient to deter and discourage similar conduct in the future*." *Id.* at Count II.  While Plaintiff's claims for

---

[2] Defendant notes that it is not required to concede that Plaintiff is, in fact, entitled to recover more than $75,000.  *Cf. Keldgerman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages" to establish jurisdiction, noting that a "defendant need not go that far").  Indeed, Defendant denies liability, including that Plaintiff is entitled to recover any damages.  Defendant otherwise reserves any and all defenses it has to this action.

compensatory damages alone show that the jurisdictional amount is facially apparent, it is well settled that the prospective of punitive damages sought by Plaintiff must be considered in any calculation of the amount in controversy. *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered,…unless it is apparent to a legal certainty that such cannot be recovered."); *Blackwell v. Great Am. Fin. Res. Inc.*, 620 F. Supp. 2d 1289, 1290 (N .D. Ala. 2009). Defendant denies that it has acted wantonly or that Plaintiff is entitled to an award of punitive damages, or compensatory damages. Nevertheless, the Court may "reasonably infer" from Plaintiff's request for punitive damages that she is "seeking greater recovery than if she were merely seeking compensation for her injuries." *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013) (internal citations omitted). The allegations in the Complaint make clear that Plaintiff's claim for punitive damages, together with her claims for compensatory damages discussed above, seek an amount in excess of $75,000.

14.     Verdicts in other product liability cases in Alabama courts have been returned in amounts in excess of $75,000, exclusive of interest and costs. *See* Exhibit B, attached hereto. Based on the attached list of published Alabama products liability verdicts and cases, of which this court may take judicial notice, *see* Fed. R. Evid. 201, "reality" and "common sense" demonstrate that Plaintiff's lawsuit satisfies the jurisdictional amount. *See* Ex. B.[3]

15.     The right of an out-of-state defendant to a federal forum in actions involving substantial amounts in controversy is an important right created by Congress, "the need for which may well be greatest when the plaintiff tries hardest to defeat it." *Grassi v. Ciba-Geigy Ltd.*, 894

---

[3] In cases where courts have resisted looking at similar verdicts to evaluate the amount in controversy, there was a failure to supply details about the facts of the other cases. The summary attached as Exhibit B seeks to provide such details which are taken from the published outcomes and, where available the published cases which may be referenced as well. In addition, the complaints of each case have been attached for further reference as well.

F. 2d 181, 185 (5th Cir. 1990) (internal quotation marks and citation omitted). To permit Plaintiff to avoid federal jurisdiction would be contrary to Congress's intent to provide out of state defendants with a neutral federal forum. *See Dugas v. Jefferson County*, 911 F. Supp. 251, 253 n.1 (E.D. Tex. 1995) ("The underlying public policy behind the removal statute is to prevent defendants from being subject to any prejudice that exists in local courts."). "As the Supreme Court long ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own Jurisdiction.'" *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co*., 204 U.S. 176, 186 (1907)).

16.     Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### III.     The Other Prerequisites for Removal Have Been Satisfied.

17.     In addition to satisfying the requirements of diversity jurisdiction, Defendant has satisfied all other requirements for removal.

18.     The time within which Defendant is permitted to remove this action under 28 U.S.C. § 1446(b) has not expired as of the time of the filing and service of this notice of removal.

19.     In accordance with 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders in the state court action is attached hereto collectively as Exhibit A.

20.     Removal to this district and division is proper under 28 U.S.C. § 81(a)(3) because this district and division embrace the Circuit Court of Jefferson County, Alabama, the forum in which the removed action was pending.

21.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, where this action is currently pending (attached hereto as Exhibit C).

WHEREFORE, Defendant gives notice that the above-entitled action is removed from the Circuit Court of Jefferson County, Alabama to the United State District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 31st day of January, 2019.

/s/ John W. Smith T
John W. Smith T (ASB-4805-M66J)
Hillary C. Campbell (ASB-5189-G82E)
Attorneys for Defendant
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
jsmitht@bradey.com
hcampbell@bradley.com

CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Rip Andrews
Marsh, Rickard & Bryan
800 Shades Crest Parkway, St. 600-D
Birmingham, AL  35209

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 31st day of January, 2019.

/s/ John W. Smith T
OF COUNSEL

7