FILED
2019 May-03 AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMANTHA FARRIS, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 2:19-cv-00187-RDP |
| STRYKER CORPORATION, | } } } |
| Defendant. | } } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand. (Doc. # 10). Plaintiff Samantha Farris sued Defendant Stryker Corporation in state court for personal injury. She alleges that Stryker manufactured a "nail" that was inserted in her left leg during surgery following a car wreck and that the nail subsequently broke inside her body. Plaintiff asserts various state-law claims against Stryker based on her injuries. Stryker removed the case to this court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

The parties agree that § 1332's requirement of complete diversity of citizenship is satisfied: Plaintiff is a citizen of Alabama and Stryker is a citizen of Michigan. But they disagree about whether § 1332's amount-in-controversy requirement is satisfied. Stryker argues it is facially apparent from the allegations of Plaintiff's complaint that the amount in controversy exceeds $75,000. Plaintiff responds that Stryker has failed to carry its burden of proving that the amount in controversy exceeds $75,000. For the reasons explained below, the court agrees with Stryker. Because it is facially apparent from the allegations of the complaint that the amount in

controversy more likely than not exceeds $75,000, Plaintiff's motion to remand is due to be denied.

## I. Factual and Procedural Background

On August 19, 2015, Plaintiff was injured in a serious car accident. (Doc. # 1-1 at 4, ¶ 7). Following the accident, medical staff inserted a "nail" device in her left leg. (*Id.* at ¶ 8). The nail later broke inside her leg, causing great physical pain and ultimately resulting in two revision surgeries, which delayed Plaintiff's recovery and caused her further pain and suffering. (*Id.* at 4-5). Plaintiff believes Stryker designed, manufactured, and sold the defective nail, so she sued Stryker for her injuries in the Circuit Court of Jefferson County, Alabama. (*Id.* at 3). She asserts state-law claims against Stryker for negligence, wantonness, products liability, and breach of warranty. (*Id.* at 5-7). In her complaint, Plaintiff seeks "compensatory damages in an amount sufficient to fully and fairly compensate her for her losses" and "punitive damages in an amount sufficient to deter and discourage similar conduct in the future." (*Id.* at 5-8).

Stryker removed the case to this court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1). Plaintiff has now moved to remand the case to state court for lack of federal subject matter jurisdiction because § 1332's amount-in-controversy requirement is not met. (Doc. # 10).

## II. Standard of Review

A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

**III.    Analysis**

Title 28 U.S.C. § 1441 permits defendants to remove to federal court any state court action falling within the subject matter jurisdiction of the federal courts—that is, any case that could have been brought originally in federal court. Title 28 U.S.C. § 1332, in turn, grants federal district courts jurisdiction over cases where complete diversity of citizenship exists among the parties and where the amount in controversy exceeds $75,000, even if the case raises only state-law claims. Here, the parties agree that complete diversity of citizenship exists: Plaintiff is a citizen of Alabama, and Stryker is a citizen of Michigan. (Docs. # 1 at 2; 10 at 3). The only question is whether the amount in controversy in this case exceeds $75,000.

Plaintiff's complaint does not specify the amount of damages she seeks. It states only that Plaintiff seeks "compensatory damages in an amount sufficient to fully and fairly compensate her for her losses" and "punitive damages in an amount sufficient to deter and discourage similar conduct in the future." (Doc. # 1-1 at 5-8). This does not end the inquiry, however. Under Eleventh Circuit precedent, a state court action that makes no specific demand for damages is still removable under § 1332 if the federal district court determines that the amount in controversy more likely than not exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060-66 (11th Cir. 2010).

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Id.* at 1061 (internal quotation marks and ellipses omitted). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Id.* "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the

jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.* Here, Stryker argues it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000. (Doc. # 15 at 2-5).

When deciding whether a complaint facially establishes § 1332's amount-in-controversy requirement, a federal court "is not bound by the plaintiff's representations regarding its claim." *Roe*, 613 F.3d at 1061. The federal court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62 (internal quotation marks omitted). Indeed, federal courts should "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. But, they may not "engage in impermissible speculation" to ascertain the amount in controversy. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). Where "great uncertainty remain[s] about the amount in controversy," resolving that uncertainty in favor of remand is entirely appropriate. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 (11th Cir. 2006) (internal quotation marks omitted).

Here, the face of the complaint, viewed in light of the court's judicial experience and common sense, establishes that the amount in controversy in this case more likely than not exceeds $75,000. Plaintiff alleges that Stryker manufactured a defective medical device -- a "nail" -- that was inserted in Plaintiff's leg following a severe car accident and that later broke inside her body. (Doc. # 1-1 at 3-8). The broken nail "caused great physical pain" to Plaintiff. (*Id.* at 5, ¶ 11). It also required Plaintiff to undergo "two revision surgeries" to correct the broken nail. (*Id.*). The broken nail and subsequent revision surgeries caused additional physical pain as well as emotional distress in the form of frustration, anxiety, stress, and grief, as they delayed

Plaintiff's recovery process from her terrible car wreck. (*Id.*). Importantly, Plaintiff does not seek to recover from Stryker any medical expenses related to the revision surgeries. (Doc. # 10 at 6, 11). Rather, she seeks compensation only for physical and emotional pain and suffering caused by the broken nail and subsequent revision surgeries. (Doc. # 1-1 at 5, ¶ 11).

In addition to compensation for her injuries, Plaintiff seeks punitive damages from Stryker "in an amount sufficient to deter and discourage similar conduct in the future." (*Id.* at 6). Plaintiff's claim for punitive damages is based on her allegation that Stryker wantonly designed, manufactured, or sold a medical device (the nail). (*Id.*). She specifically alleges that Stryker "knew [the nail] was likely to injure or kill someone." (*Id.* at 6, ¶ 17-18). To punish Stryker for this egregious conduct and deter future wrongdoers, Plaintiff seeks an unspecified amount of punitive damages. (*Id.* at 6).

Plaintiff's claims for compensatory and punitive damages, taken together, make it more likely than not that the amount in controversy in this case exceeds $75,000. If this case involved solely a claim for compensatory damages, it might be a closer question as to whether the amount-in-controversy requirement was satisfied. In the absence of more factual details, there might be a substantial question concerning whether the pain and suffering caused by a nail breaking in Plaintiff's leg and two resulting corrective surgeries is more likely than not worth more than $75,000. But this case does not involve merely a claim for compensatory damages based on Plaintiff's pain and suffering. Plaintiff has alleged that Stryker engaged in reprehensible, wanton misconduct justifying an award of punitive damages. Indeed, Plaintiff has alleged that Stryker manufactured a nail "that it *knew* was likely to injure or kill someone." (*Id.* at 6, ¶ 17-18). Based on the court's judicial experience and common sense, this allegation of serious, wanton misconduct by Stryker, in combination with Plaintiff's claim for compensatory

5

damages, is enough to make it more likely than not that the amount in controversy exceeds $75,000.

Plaintiff has two arguments regarding why her claim for punitive damages does not place the amount in controversy above $75,000. Neither succeeds.

First, Plaintiff argues that her claim for punitive damages should not count against her because "it is very difficult for any plaintiff to prove wantonness, much less convince a jury that there is clear and convincing evidence of wantonness to justify an award of punitive damages." (Doc. # 10 at 8-9). But this argument misunderstands the relevant inquiry. Plaintiff's "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much [Plaintiff is] ultimately likely to recover." *Pretka*, 608 F.3d at 751. Thus, it does not matter how difficult it will be for Plaintiff to succeed on her wantonness claim for punitive damages. What matters for purposes of the amount-in-controversy requirement is that she has *alleged* that Stryker engaged in wanton misconduct warranting an award of punitive damages.

Second, at the hearing the court held on this motion, counsel for Plaintiff offered to dismiss the wantonness claim without prejudice upon remand to state court, subject to his right to reassert the wantonness claim and consent to removal jurisdiction if he found evidence of wantonness during discovery. But Plaintiff's offer to dismiss the wantonness claim in an effort to avoid federal jurisdiction is of no help to her, because the "court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* At the time of removal, the punitive damages Plaintiff seeks from Stryker were very much in controversy. The fact that Plaintiff has now offered to dismiss that claim does not affect the court's jurisdiction over this case under § 1332, or Stryker's right to invoke removal

6

jurisdiction under § 1441. And indeed, it may suggest that Plaintiff understands her wantonness claim to place in controversy an amount exceeding $75,000, which further supports the court's conclusion that diversity jurisdiction exists.

**IV.     Conclusion**

Because the face of Plaintiff's complaint establishes that the amount in controversy in this case more likely than not exceeds $75,000, Plaintiff's motion to remand is due to be denied. An order consistent with this memorandum opinion will be entered.

DONE and ORDERED this May 3, 2019.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE